### STEPHENSON v. DALY, Warden.

District Court, D. Indiana, South Bend Division.
September 7, 1927.

1. **Habeas corpus �köö45(3)—Federal court will not discharge prisoner restrained by state, in violation of federal Constitution, where questions are before state Supreme Court in appeals (Const. Amend. 14).**

A state prisoner, serving sentence after conviction of crime, will not be discharged by a federal court on habeas corpus on the ground that he is restrained of his liberty, in violation of Const. Amend. 14, when the same questions are before the Supreme Court of the state in pending appeals by petitioner.

2. **Habeas corpus ⊙ööö45(3)—Whether state prisoner, convicted under valid law, is restrained of his liberty without due process of law, will not be determined by federal court until after end of litigation in state courts.**

Whether a state is depriving a prisoner of his liberty without due process of law, where the offense charged against him is under a law that does not violate the federal Constitution, cannot ordinarily be determined by a federal court fairly to the state until after the end of the litigation in the state courts.

3. **Habeas corpus ⊙ö96—Errors of law by trial court having jurisdiction cannot be reviewed on habeas corpus.**

Errors of law, however serious, committed by a trial court having jurisdiction, cannot be reviewed in habeas corpus proceedings.

**4. Constitutional law ⬅—257—Prosecution under valid law in state court having jurisdiction according to settled procedure, with opportunity to defend, is "due process."**

Criminal prosecution under valid law, in state court having jurisdiction, according to settled procedure, with opportunity to defend, is "due process of law."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Due process of law.]

Habeas Corpus. Petition of David C. Stephenson, against Walter H. Daly, warden of Indiana State Prison, to secure release from custody. Denied.

Wm. V. Rooker, of Indianapolis, Ind., for applicant.

Arthur L. Gilliom, Atty. Gen., for respondent.

SLICK, District Judge. Applicant, David C. Stephenson, brings this action for habeas corpus, alleging that he is wrongfully and unlawfully restrained and deprived of his liberty by defendant. Defendant answers that he is warden of the Indiana State Prison, and as such warden has the custody of the petitioner as a prisoner in said prison by authority of a commitment issued by the clerk of the Hamilton circuit court, one of the circuit courts of the state of Indiana having general criminal jurisdiction.

Petitioner, with two other defendants, was indicted for murder in the criminal court of Marion county, Ind. Upon his application, a change of venue was granted to the Hamilton circuit court, and the clerk of the Marion Criminal Court made a full, true, and complete transcript of the proceedings and orders of said court in said cause and sealed up the same with the original indictment and papers, and delivered the same to the sheriff of Marion county, who thereupon deposited the same in the office of the clerk of the Hamilton circuit court, who docketed the same in said court, and thereafter said cause stood for trial in said court.

Petitioner was tried by a jury, and found guilty, and the Hamilton circuit court pronounced sentence on said verdict and rendered judgment of imprisonment for life.

Petitioner at no time challenged or questioned the jurisdiction of the Hamilton circuit court until after final judgment and commitment, when he raised a question concerning the jurisdiction of said court. Whereupon it was discovered that the clerk of the criminal court of Marion county had failed to affix his signature to the transcript filed with the original papers with the clerk of Hamilton county.

Petitioner voluntarily entered a general appearance in said Hamilton circuit court, and filed a petition to be admitted to bail. He also filed a petition for an order for inspection of a dying declaration. He filed various other petitions, for a separate trial, for an immediate trial, to withdraw his request for an immediate trial, for change of venue from the judge of the Hamilton circuit court, and made various other motions therein.

After his conviction and sentence, he caused to be perfected an appeal to the Supreme Court of Indiana assigning as one of the errors that the Hamilton circuit court did not have jurisdiction over his person or over the subject-matter of said cause on account of the omission of the signature of the clerk to the certificate in said transcript, which appeal is now pending in the Supreme Court of Indiana.

Later applicant filed a petition for writ of habeas corpus in the La Porte superior court, assigning the omission of the clerk's signature to the transcript as a reason why he claimed the judgment of the Hamilton circuit court is void and his imprisonment illegal. The La Porte superior court heard said cause and pronounced final judgment denying the writ of habeas corpus, and petitioner then perfected his appeal to the Supreme Court of Indiana from such judgment. Said cause is now pending in the Supreme Court, has been fully briefed by both sides, and has been orally argued, and the Supreme Court is now considering the question in said appeal whether petitioner is being deprived of his liberty without due process of law in contravention of the Constitution of the United States.

The first count of the indictment under which defendant was found guilty, charges that applicant, together with Earl Gentry and Earl Klinck in the county of Marion and in the state of Indiana, unlawfully, feloniously, and with premeditated malice did kill and murder Madge Oberholtzer in the following manner, to wit: That said three defendants wrongfully, unlawfully, and feloniously, by force of arms and by duress and by putting her in fear and against her will, took possession of the body and person of Madge Oberholtzer and by force of arms and duress and putting her in fear and against her will, took her from the city of Indianapolis to the city of Hammond, Ind., all the time restraining her of her liberty in the drawing room of a passenger train, and that, while so holding possession of the body and person of said Madge Oberholtzer and so re-

straining her of her liberty in a drawing room of a passenger car as aforesaid, defendants did commit an assault upon the body and person of the said Madge Oberholtzer, and did, unlawfully, feloniously, and in a rude and insolent manner strike, beat, bite, and grievously wound said Madge Oberholtzer, with the unlawful and felonious intent to ravish and carnally know her forcibly and against her will; that when they arrived at the city of Hammond, still unlawfully and feloniously holding possession of said Madge Oberholtzer and restraining her of her liberty, they caused her to depart from the train and enter a room in a hotel and occupy a bed with applicant, Stephenson; that afterwards said Madge Oberholtzer, distracted with pain and shame and as a direct result of said treatment of applicant and his associates, did procure and swallow a large quantity of bichloride of mercury, a poison, and that applicant and his associate defendants, with full knowledge that she had taken said poison and although requested by her to do so, unlawfully, feloniously, and willfully failed and refused to procure or furnish an antidote for said poison or the help of a physician or any other person skilled in counteracting the effect of said poison, although they were fully able to procure such antidote and the help of such physician; but that, instead of so doing, they unlawfully and feloniously and by force of arms and duress and by putting said Madge Oberholtzer in fear, placed her in an automobile and transported her back to the city of Indianapolis; and that, when they arrived in the city of Indianapolis, they did unlawfully and feloniously and against her will imprison her in a garage owned by applicant, and failed and refused to furnish or provide any antidote for said poison or the help or attention of any physician; that, as a result of said treatment of applicant and his codefendants, said Madge Oberholtzer languished and died from the effects of her wounds, inflicted as aforesaid, and said poison, taken as aforesaid.

This indictment charges murder. Defendant was found guilty thereunder and sentenced to imprisonment for life. He now seeks to be released on writ of habeas corpus because the clerk of the criminal court of Marion county failed to attach his signature to the certificate to the transcript changing the venue to Hamilton county, claiming that the judgment of the court is coram non judice and void, and he is deprived of his libery without due process of law and in denial of the equal protection of the law, all in contravention of the Fourteenth Amendment of the federal Constitution.

The statute providing for a change of venue in cases of this nature provides that, when such change is granted, the clerk must make a transcript of the proceedings and orders of the court and seal up the same with the original papers and deliver them to the sheriff, who must deposit them in the clerk's office of the proper county. Section 2239, Burns' Annotated Indiana Statutes, Watson's Revision.

It should be noted that this statute does not provide for signature of the clerk or certification, but simply provides that he shall make a transcript of the proceedings and seal the same up with the original papers and deliver the same to the sheriff. This the clerk did, unless it should be held that, in making a transcript of the proceedings, he must sign, seal, and certify the same.

[1] As this question, together with the question whether jurisdiction was lacking because of the failure of the clerk to attach his signature, and the question whether applicant did anything in the nature of a waiver, are before the Supreme Court on the appeal of this applicant in the original criminal case and on his appeal from the decision of the La Porte superior court in the habeas corpus case, it appears to me that it would be highly improper for this court at this time to express any opinion on these questions of law, and, as it is not necessary to a decision of this case to do so, this court will refrain from stating its views on these questions at this time.

As applicant is a prisoner in jail under a commitment issued under state authority and not under color of any authority of the United States, it follows that the writ of habeas corpus does not extend to him unless he is held in custody in violation of the Constitution or of a law or treaty of the United States. Code of Laws of the United States, tit. 28, § 453, p. 914.

[2] Applicant seriously contends that he is being deprived of his liberty without due process of law. The question whether a state is depriving a prisoner of his liberty without due process of law, where the offense charged against him is under a law that does not violate the federal Constitution, cannot ordinarily be determined fairly to the state until after the end of the litigation in the state courts.

[3] Errors of law, no matter how serious they may be, committed by a trial court in the exercise of its jurisdiction, will not be reviewed in habeas corpus proceedings.

[4] Criminal prosecutions in the courts of a

state under a law not repugnant to the Constitution of the United States, conducted according to a settled course of procedure under the state law including notice and hearing, or an opportunity to the defendant to be heard, and in a court of competent jurisdiction, is due process of law.

This court, on proceedings in habeas corpus, should take into consideration the entire proceedings in the state courts and not merely a single step in the proceedings, and the court will consider the proceedings in the appellate tribunal of the state as well as the proceedings in the original court. Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Filer v. Steele (D. C.) 228 F. 242; Foster's Federal Practice (6th Ed.) vol. 3, § 466.

The writ is denied, and the prisoner remanded into the custody of Walter H. Daly, warden of the state's prison at Michigan City, Ind.