**Justice CRAIG, Plaintiff,**

v.

**Nathan FRANKE et al., Defendants.**

No. 79–C–352.

United States District Court,
E. D. Wisconsin.

Sept. 28, 1979.

**20**

Justice Craig, pro se.

Bronson C. LaFollette, Wis. Atty. Gen. by F. Joseph Sensenbrenner, Jr., Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

■ This action is before me on the plaintiff's motion for summary judgment and the defendants' motion for dismissal. Because the defendants' motion is accompanied by matters outside the pleadings, I will treat it as a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. *Sprague v. Fitzpatrick*, 546 F.2d 560, 563 (3d Cir. 1976), *cert. denied*, 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977). For the following reasons, the plaintiff's motion will be granted in part, and the defendants' motion will be denied.

Proceeding pro se, Mr. Craig seeks declaratory, injunctive and monetary relief pursuant to 42 U.S.C. § 1983. The plaintiff, an inmate of one of the state's correctional institutions, asserts that he was deprived of rights under the first, fifth, eighth and fourteenth amendments.

The controversy centers around the finding of a disciplinary committee that Mr. Craig was guilty of disrespect and disobedience of orders and the committee's placing the plaintiff in three days of adjustment segregation. Craig challenges the committee's action on three grounds: (1) that he was denied his right to a disciplinary hearing as required by *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1976); (2) that the committee failed to state in its written report the evidence it relied upon or the reasons for its decision as required by *Wolff* and *Hayes v. Walker*, 555

F.2d 625 (7th Cir. 1977), *cert. denied*, 434 U.S. 959, 98 S.Ct. 491, 54 L.Ed.2d 320 (1978); and (3) that the disciplinary action violated his first amendment right of free speech.

■ In my opinion, the plaintiff's first and third contentions are meritless. *Wolff* does afford Mr. Craig the right to a due process hearing in a disciplinary proceeding for major misconduct, but this right, like other constitutional rights, may be waived. *See Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Mindful that every reasonable presumption should be indulged against finding a waiver of constitutional rights, I find that Mr. Craig did in fact knowingly and voluntarily waive his right to a disciplinary hearing. The waiver form which Mr. Craig signed stated: "I waive all rights to a disciplinary hearing . . . and request an immediate determination and disposition of the matter by the Disciplinary Committee or its designated magistrate." Mr. Craig has amply demonstrated in this litigation that he fully appreciated the import of this language.

■ The basis of the disrespect finding against the plaintiff grew out of an incident during the course of which Mr. Craig accused an officer of the institution of being drunk. Mr. Craig's contention that this utterance is within the protection of the first amendment and that no disciplinary proceedings could be instituted against him on that basis is incorrect. Although it is established that the reach of the first amendment is not interrupted by prison walls, speech such as that at bar, which has a direct tendency to undermine "the reasonable considerations of penal management," is not protected. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 132, 97 S.Ct. 2532, 2541, 53 L.Ed.2d 629 (1977).

■ Mr. Craig's contention that he was denied due process by the panel's failure to state the evidence upon which it relied and the reasons for its decision to impose upon him three days of adjustment segregation must be sustained. In order to assure that the discretion of prison officials is exercised fairly, and to provide assistance to administrators and courts called upon to review the decision of the disciplinary body, the Supreme Court in *Wolff* held "that there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." 418 U.S. at 564, 94 S.Ct. at 2979 (citation omitted). In *Hayes, supra*, the court of appeals for this circuit stated:

"The Institutional Adjustment Committee failed in the present case to give an adequate statement as to evidence relied on or reasons for the action taken. Rather than pointing out the essential facts upon which inferences were based, the Committee merely incorporated the violation report and the special investigator's report. This general finding does not ensure that prison officials will act fairly. Nor will this finding protect against subsequent collateral effects based on misunderstanding of the initial decision." 555 F.2d at 633.

The discussion quoted just above aptly describes the conduct report in this case, which is the only written record of the committee's decision. The report contains the statement of the complaining officer, Mr. Guenther; it records Mr. Craig's admissions that he told Mr. Guenther that he thought Mr. Guenther was drunk and that he refused to leave Mr. Guenther's office when directed to do so; and it contains the following statement under the heading "Disciplinary Committee Disposition": "Guilty. 3–Days Adjustment Seg."

■ It is reasonably clear that the committee based its decision on the undisputed facts and that its decision was justified. However, nowhere did the committee state its reasons for imposing three days of adjustment segregation. Under *Wolff* and *Hayes*, the plaintiff was thereby deprived of his right to procedural due process. Thus, while Mr. Craig is not entitled to an order directing that the conduct report be expunged from his records, to guard against any subsequent misunderstandings, he is entitled to an order directing the

committee to add to the report a statement of its reasons for imposing three days of adjustment segregation.

■■■ For the constitutional violation I have found in this case, I believe the plaintiff may recover only nominal damages. The defendants are not entitled to a qualified immunity from damage claims, even if they were acting in good faith, because "the constitutional right in question was 'clearly established' at the time of the challenged conduct and the defendants knew or should have known of the existence of the right and that their conduct violated that right." *Ware v. Heyne*, 575 F.2d 593, 596 (7th Cir. 1978) (quoting *Procunier v. Navarette*, 434 U.S. 555, 562, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978)). In the absence of proof of actual damages, a plaintiff who has been deprived of his procedural due process rights may recover nominal damages. *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Since Mr. Craig does not dispute the factual basis of the committee's decision, and since the three days of adjustment segregation Mr. Craig received was reasonable, I believe the plaintiff has not sustained any actual injury and that a nominal recovery is justified.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is granted in part.

IT IS ALSO ORDERED that the defendants' motion for dismissal, treated as a motion for summary judgment, be and hereby is denied.

IT IS FURTHER ORDERED that within 30 days from this date the defendants add to the plaintiff's conduct report, dated October 23, 1978, a statement of their reasons for imposing on the plaintiff three days of adjustment segregation.

IT IS FURTHER ORDERED that the plaintiff have judgment against the defendants in the sum of one dollar ($1.00).