NOT DESIGNATED FOR PUBLICATION

No. 114,603

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONALD YOUNG,
*Appellant,*

v.

JAMES HEIMGARTNER, Warden,
RAY ROBERTS, Secretary of Corrections,
*Appellees.*


MEMORANDUM OPINION


Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed March 25, 2016.
Affirmed in part, reversed in part, and remanded with directions.


*Donald Young*, appellant pro se.


*Michael J. Smith*, of Kansas Department of Corrections, for appellee.


Before GREEN, P.J., BUSER, J., and HEBERT, S.J.


*Per Curiam*:  Donald Young filed a K.S.A. 60-1501 habeas corpus action alleging
that his due process rights had been violated by prison officials who imposed disciplinary
sanctions, including a nominal monetary fine, based on a disciplinary report and hearing.
The district court summarily dismissed his petition and he now appeals.


Although dismissal was appropriate with regard to some of Young's claims,
factual issues remain with regard to some of his claims, making summary dismissal
inappropriate and requiring we reverse and remand for further proceedings. Further, the

1

district court's determination regarding the sufficiency of the evidence is premature and is reversed and remanded for further consideration.

*Factual and Procedural Background*

On February 13, 2015, Young received a written disciplinary report at El Dorado Correctional Facility for a lewd act, a violation of K.A.R. 44-12-315(b). According to the report, Behavioral Healthcare Provider K. Clouser was with Young and others in a group room at noon, reading through materials, when she saw Young approximately 2-to-3 feet from her, massaging his exposed penis with his hand. She walked out of the room and contacted an officer. Clouser and Hearing Officer Kenneth McGuire both signed the report on the date the incident occurred, although on the copy provided by Young, there are no signatures byYoung indicating that he received the report or by an officer indicating that the report was served on Young. A separate copy, attached to the disciplinary hearing report, includes a signature from Officer Simmons on February 13 indicating Young was served with the report but refused to sign it. However, both copies indicate that the report was written at 3 p.m. and executed on the same day as the incident. On February 17, an officer served Young with a summons for a hearing to be held on February 19, and the form indicates that Young refused to sign it.

At a subsequent disciplinary hearing, Young filed a motion to dismiss the violation arguing that he was not given written notice of the violation until February 18— outside the required 48 hours following creation of the report in which he was supposed to receive it. He also argued the report did not indicate the date and time it was written, he did not receive a witness request form, and he received notice of the hearing less than 24 hours before it took place.

According to the hearing report, Hearing Officer McGuire and Officer Simmons served the disciplinary report and witness form to Young on February 13, but Young

2

refused to sign the report. The hearing officer also noted Young's motion to dismiss, but no further mention is made of witnesses or the disposition of Young's motion. Young testified that his jumpsuit was torn, he felt a breeze on his crotch during the group session, and he jumped up to cover the exposure. Clouser exited before he could explain himself. At the hearing, Young questioned Clouser, who testified that Young's jumpsuit was not pulled down, she saw his hand moving back and forth, and that Young asked her not to write him up. Young denied that he committed a lewd act. The report does not indicate there were any other witnesses called or requested. The hearing officer sanctioned Young for the violation, sending him to disciplinary segregation for 30 days and fining him $15. The warden approved the sanction on the same day.

Young appealed to the Secretary of Corrections (Secretary), arguing that insufficient evidence supported the violation and his constitutional due process rights were abridged when officials failed to provide adequate written notice of the charge against him, denied him the right to call witnesses at the hearing, did not provide an impartial hearing, failed to date the disciplinary report, and did not provide an adequate statement of the factual findings supporting the disciplinary action. Following review, the Secretary determined that officials substantially complied with required procedures and that some evidence supported the decision. The Secretary approved the hearing officer's decision.

Young next filed a K.S.A. 60-1501 habeas corpus petition with the district court, naming Hearing Officer McGuire as the sole defendant. In the petition, Young alleged that his due process rights were violated when officials failed to provide adequate written notice of the charge against him, denied him the right to call witnesses at the hearing, did not provide an impartial hearing, failed to date the disciplinary report, and did not provide an adequate statement of the factual findings supporting the disciplinary action. He discussed additional evidence he wanted to introduce through witnesses to support his

3

theory of defense, identifying an inmate and a corrections officer he wanted to call to the hearing.

The district court notified Young that he filed his petition against the wrong party and permitted him to file an amended petition. Young moved to amend his petition, substituting the present defendants for McGuire. The district court granted the motion and dismissed McGuire from the suit. Young did not move to make any other amendments to the petition. The Secretary answered the petition, first arguing that some evidence supported the hearing officer's decision that Young was guilty of the violation. The Secretary also contended there were no due process violations, reviewing the evidence and each of the alleged constitutional violations. The Secretary asked the district court to dismiss the petition with prejudice for failure to state a claim.

The district court summarily dismissed the amended petition, finding that some evidence supported the conviction and that Young failed to state a cognizable claim for constitutional violations. Young then filed a response to the Secretary's answer in which he requested an evidentiary hearing, summarized his due process claims, and asserted he had raised cognizable claims for relief. Young also moved for reconsideration of the court's order dismissing his petition based on his response and request for an evidentiary hearing. The district court denied the motion "for reasons stated in original dismissal."

Young timely appealed.

*Summary Judgment Is Not Appropriate for Some of Young's Claims*

On appeal, Young argues that his due process rights were violated when officials: (1) failed to provide adequate written notice of the charge against him; (2) denied him the right to call witnesses at the hearing; (3) did not provide an impartial hearing; (4) failed to

4

date the disciplinary report; and (5) did not provide an adequate statement of the factual findings supporting the disciplinary action.

The question of whether due process has been afforded is a question of law this court reviews de novo. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). When, as here, an inmate raises an issue of procedural due process, this court engages in a two-step analysis. First, the court must determine whether the State deprived that inmate of life, liberty, or property. If those rights are implicated, the court must then determine "the extent and nature of the process which is due." 279 Kan. at 850-51.

Summary dismissal is proper if a court can establish based on the face of the petition that the petitioner is not entitled to relief, or if the uncontrovertible facts, such as those recited in a court record, show that no cause exists as a matter of law for granting a writ. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). The appellate court must determine whether the alleged facts and all their inferences state a claim, not only on the theories set forth by the plaintiff, but on any possible theory. *Hill v. Simmons,* 33 Kan. App. 2d 318, 320, 101 P.3d 1286 (2004). In *Bankes v. Simmons,* 265 Kan. 341, 349, 963 P.2d 412 (1998), the Kansas Supreme Court recognized that proceedings on a K.S.A. 60-1501 petition are not subject to the ordinary rules of civil procedure. To avoid summary dismissal of a K.S.A. 60-1501 petition, a petition must allege shocking and intolerable conduct or continuing mistreatment of a constitutional stature. 265 Kan. at 349; *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

In this case, as the defendants concede, the first requirement is satisfied because Young's conviction resulted in a monetary fine. The imposition of a fine, even a fine of a small nature, is sufficient to implicate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Washington,* 37 Kan. App. 2d at 240. Young's argument invokes each of the limited due process rights afforded to an inmate in disciplinary proceedings. See *Hogue*, 279 Kan. at 851 (identifying the extent of the

5

limited process available in inmate disciplinary hearings). Each right will be addressed in turn.

*Adequate Written Notice of the Charge*

Under K.A.R. 44-13-201(a), a corrections officer or unit team manager must serve a copy of a disciplinary report upon an inmate within 48 hours of the issuance of the report, excluding Saturdays, Sundays, and holidays. Young contends that he did not receive the disciplinary report until February 18, 2015, several days after the report was issued on February 13. Although Young possessed a copy of the disciplinary report that did not have a service date on it, the hearing officer presented a copy of the report indicating he served it on Young on February 13 and Young refused to sign for it. The hearing officer also wrote in the hearing report that he and another officer, who actually signed the report as served on February 13, did in fact serve the report on Young on February 13. No documentary evidence supports Young's claim he was not served with the disciplinary report until February 18, as it was not signed as served even then. Whereas the hearing officer's copy of the report and his statement in the hearing notes both indicate the report was served on the same day the report was written, February 13. Accordingly, a review of the record on appeal, considering both the uncontrovertible facts alleged in the pleadings and the documentary evidence, indicates Young received notice of the discipline report and the charge against him as required by applicable regulations, and he has not pled a constitutional violation in this respect. See *Johnson*, 289 Kan. at 648-49. As such, summary dismissal of this claim was appropriate.

*The Right to Call Witnesses at the Disciplinary Hearing*

Young argues he was not provided with a witness request form before the hearing and the hearing officer denied his request to call two individuals as witnesses. He

6

contends the hearing officer did not provide a justification for denying the oral request for witnesses, nor did he document that Young requested witnesses at the hearing.

An inmate has a due process right to call a witness if the witness' appearance will not materially compromise legitimate penological goals of institutional safety and order. *Washington,* 37 Kan. App. 2d at 243-44 (citing *Ponte v. Real,* 471 U.S. 491, 497, 105 S. Ct. 2192, 85 L. Ed. 2d 553 [1985], and *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]; K.A.R. 44-13-101[c][5]). When a prisoner files a motion for witnesses at the disciplinary hearing: "The hearing officer shall entertain and determine . . . any motions for additional witnesses beyond those identified already in the witness list previously submitted." K.A.R. 44-13-403(e). A hearing officer is required to include in the record of the hearing "a complete summary of all the evidence and arguments relied on to find the inmate guilty of the charge at the conclusion of the hearing, including . . . a list of any witnesses whose testimony was requested and denied and the reasons for that denial." K.A.R. 44-13-502a(c)(5).

It is unclear from the record whether Young received a witness request form. Young denies he received one and McGuire indicated in the hearing report he gave the form to Young. Taking as true, as this court must, Young's uncontroverted allegation that he requested two witnesses at the hearing who could have provided testimony about the condition of his jumpsuit, McGuire failed to provide a reason in the hearing report for denying those requests, and Young may have been entitled to relief. K.A.R. 44-13-502a(c)(5); *Johnson*, 289 Kan. at 648-49. As such, the district court erred by summarily dismissing this claim in Young's petition. This error requires we reverse the dismissal of Young's K.S.A. 60-1501 petition and remand for further proceedings. See *Shepherd v. Davies*, 14 Kan. App. 2d 333, 335-36, 789 P.2d 1190 (1990) (reversing the summary dismissal of a K.S.A. 60-1501 petition where prison officials failed to document a rationale for denying an inmate's request for a witness at a disciplinary hearing).

*Impartial Hearing*

Young argues that "[t]he hearing officers at El Dorado have a long history of partiality in favor of their employees and coworkers." For proof of the hearing officer's personal bias in this case, Young relies on the other due process defects he has alleged, specifically his claims regarding notice and the refusal of his request to call witnesses. He also contends that the hearing officer constrained Young's questioning of the staff member who reported the violation.

Young's impartiality argument is mostly duplicative of his other due process claims. The only novel aspect of this claim is his allegation that the hearing officer interfered with his examination of Clouser by refusing to let him ask certain questions. There are minimal notes of this examination in the hearing report, none related to questions the hearing officer denied, and no transcript of the hearing is in the record, so no evidence contradicts Young's pled allegation of interference, which this court must take as true. *Johnson*, 289 Kan. at 648-49. As such, factual questions remain as to Young's claim he was denied his due process right to an impartial hearing, and summary dismissal was not appropriate in this respect. *Shepherd*, 14 Kan. App. 2d at 335-36. This issue is, therefore, also remanded for further proceedings.

*Deficiencies in the Disciplinary Report*

Young argues that the disciplinary report was fatally flawed because it did not indicate when it was written. He contends that such a failure could not be considered harmless because it denied him the ability to confirm or deny that he timely received the report and to present procedural challenges at the hearing.

Regardless of whether this court considers the copy of the report attached to Young's petition or the copy of the disciplinary report the hearing officer presented at the

8

hearing, an examination of the form indicates that, although the space indicated for the date the report was written is blank, every other section of the form indicates it was completed on February 13th. The top of the form indicates it was completed 3 hours after the incident, and the bottom of the form shows that it was executed on February 13. As such, there are no evident defects in the form that interfered with Young's rights, and summary dismissal was appropriate for this claim. *Johnson*, 289 Kan. at 648-49.

*Adequate Statement of the Factual Findings Supporting the Disciplinary Action*

Young argues the hearing officer completed a constitutionally inadequate hearing report because he omitted Young's requests for witnesses, the denial of that request, the denial of the motion to dismiss, and the full extent of the questions Young tried to ask Clouser. The report's failure to reflect what took place at the hearing rendered the appeal ineffective.

McGuire's hearing report includes a summary of the evidence from Young and Clouser, as well as a partial summary, but not a disposition, of Young's motion to dismiss. It does not list any factual findings apart from the evidence or specifically identify the reasons for McGuire's decision. The report, however, does contain sufficient information to provide some evidence supporting the hearing officer's decision—namely Clouser's testimony, and, while brief, it demonstrates that there was a nonarbitrary basis for the decision. See *Shepherd*, 14 Kan. App. 2d at 339 (noting that a statement of reasons can be brief, but must be sufficient to demonstrate on review that the hearing officer's decision was not arbitrary). As such, summary dismissal was appropriate for this claim. *Johnson*, 289 Kan. at 648-49.

To recapitulate, we find that summary dismissal was appropriate of Young's claims regarding inadequate written notice of the charge, timing discrepancies in the written report, and the inadequacy of the hearing officer's report. However, we find that

9

there remain unresolved factual issues regarding Young's claims he was denied the opportunity to call witnesses on his behalf and he was not accorded a fair and impartial hearing due to interference by the hearing officer during his examination of the witness against him. These issues are not resolvable by summary dismissal and, to this extent, the district court's judgment is reversed and remanded for further proceedings.

*The District Court Finding of Sufficient Evidence is Premature*

Young also argues that the district court erred by concluding that "'some evidence'" supported the conviction. He contends that no evidence indicated, as required, that he intended to expose himself and commit a lewd act because he was only accidentally exposed by a ripped garment.

The alleged due process violations regarding Young's ability to call witnesses and the improper curtailment or limitation of his cross-examination of the witness may have deprived him of the ability to present exculpatory evidence. If so, it would follow that the district court may have been deprived of the benefit of important evidence regarding Young's innocence. Thus, the district court's judgment that sufficient evidence supported the disciplinary action is premature until the remanded issues above are further considered and resolved. Accordingly, we reverse the district court's determination the sufficiency of the evidence supported Young's conviction and remand for further consideration.

Reversed and remanded.