(789 P.2d 1190)

No. 64,374

DENNIS M. SHEPHERD, *Appellant*, v. STEVEN DAVIES, *et al.*, *Appellees*.

Opinion filed April 13, 1990.

*Dennis M. Shepherd,* appellant pro se.

*Jeffrey C. Campbell,* special assistant attorney general, for the appellees.

Before BRAZIL, P.J., DAVIS, J., AND RICHARD W. WAHL, District Judge Retired, assigned.

DAVIS, J.: Dennis Shepherd appeals the dismissal of his habeas corpus petition for failure to state a claim upon which relief can be granted. We reverse and remand for further hearing.

While Shepherd was an inmate incarcerated at Hutchinson Correctional Work facility (HCWF), there was a search of the inmates' living quarters. When Shepherd's closet was searched, a key assigned to the closet of another inmate, Billy Jones, was found. Upon a search of Jones' closet, the guards found five gallons of homemade alcohol and an amount of sugar.

Shepherd was charged with violations of K.A.R. 44-12-201, possession of unauthorized and unregistered personal property, and K.A.R. 44-12-1101, conspiracy to violate another rule, specifically K.A.R. 44-12-901, possession of dangerous contraband. He entered a plea of not guilty. Shepherd requested that two inmates, Billy Jones and Terry Garrison, be allowed to testify in his behalf. An administrative hearing was held and only Garrison

was allowed to testify for Shepherd. Shepherd was not given any reason why Jones was not allowed to testify.

Shepherd was found guilty of both charges and sentenced to seven days' disciplinary segregation on each offense, for a total of fourteen days of segregation. He was also transferred from HCWF, a medium security facility, to Kansas State Industrial Reformatory (KSIR), a maximum security facility, and received a deduction in pay status and classification custody level.

After exhausting administrative remedies, Shepherd filed his petition alleging (1) that his due process rights were violated because of the hearing board's refusal to allow an essential witness at his hearing; (2) that his conviction is not supported by the evidence; and (3) that he was not provided with a sufficient statement of the evidence and reasoning relied on by the hearing board.

### Standard of Review

A petition may be dismissed under K.S.A. 60-212(b)(6) for failure to state a claim when it appears "beyond doubt" petitioner can prove no set of facts which would entitle him to relief. *Jones v. Marquez*, 526 F. Supp. 871, 874 (D. Kan. 1981). See *Keith v. Schiefen-Stockham Insurance Agency, Inc.*, 209 Kan. 537, 540, 498 P.2d 265 (1972). All allegations in the petition must be taken as true and " '[t]he question for determination is whether in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief.' " *Keith*, 209 Kan. at 540.

Habeas corpus is an appropriate remedy where an inmate attacks the conditions of his confinement, and his treatment by the institution clearly infringes upon his constitutional rights, yet relief via K.S.A. 60-1507 would be inadequate. See *In re Habeas Corpus Application of Gilchrist*, 238 Kan. 202, 205, 708 P.2d 977 (1985); *Levier v. State*, 209 Kan. 442, 449-50, 497 P.2d 265 (1972); K.S.A. 60-1507(e).

Shepherd alleges his constitutional due process liberty interests under the Fourteenth Amendment were violated by actions of prison authorities in his disciplinary proceedings. "Liberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466, 74 L. Ed. 2d 675,

103 S. Ct. 864 (1983). The due process clause itself does not grant a prisoner the right to be free from segregation. See *Hewitt*, 459 U.S. at 468. The State can, however, create a liberty interest protected through the due process clause by its enactment of certain statutory or regulatory measures. *Hewitt*, 459 U.S. at 469.

Shepherd does not specify the source of his claimed liberty interest, but the provisions of the Kansas Administrative Regulations, Articles 12 and 13, create a state law liberty interest in disciplinary proceedings where, as here, disciplinary segregation is imposed as a punishment. The Kansas regulations make it clear that disciplinary confinement may not occur absent specified substantive predicates. See *Hewitt*, 459 U.S. at 472.

In *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974), the United States Supreme Court held that due process imposes certain minimal procedural requirements which must be met in a prison disciplinary hearing when the State has, by statute or regulation, provided substantive rights regarding those hearings. *Wolff*, 418 U.S. at 557-58.

## 1. Right to Witnesses

Shepherd argues that his constitutional rights were violated when the disciplinary board refused to allow Jones' testimony, either in person or by phone or affidavit, and refused to provide any justification for this decision. The Kansas Administrative Regulations involving this question provide:

"Subject to the limitations and guidelines set out in these regulations and subject to the control of the hearing officer or board chairperson exercised within the parameters of the law and these regulations, the inmate shall be entitled:

. . . .

"(5) to have witnesses called to testify on the inmate's behalf." K.A.R. 44-13-101(d)(5).

"The request for the witness may be denied . . . if the testimony relates to something already disposed of, if it is clearly irrelevant or immaterial, if it is repetitious of other testimony, or for reasons specified in K.A.R. 44-13-405a." K.A.R. 44-13-405(g).

K.A.R. 44-13-405a allows the hearing officer or board to balance the inmate's interest against thirteen specified needs of the prison in making a decision whether to allow an inmate to call a witness from within the prison population or its employees. The hearing officer or board is granted "broad discretion" in making this de-

cision. K.A.R. 44-13-405a(b). K.A.R. 44-13-405a(g) requires written explanation be made on the record where the request to call a witness is denied, unless some person would be endangered thereby.

*Wolff* provides that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. at 566. The *Wolff* Court held that when a witness is disallowed, "[a]lthough we do not prescribe it, it would be useful for the Committee to state its reason." 418 U.S. at 566.

Later, in *Ponte v. Real*, 471 U.S. 491, 85 L. Ed. 2d 553, 105 S. Ct. 2192 (1985), the Court held prison officials are required, when challenged, to justify why witnesses were not allowed to testify, either by making the explanation part of the administrative record of the disciplinary proceeding or by presenting testimony in court later when the decision is challenged. 471 U.S. at 497. "[S]o long as the reasons are logically related to preventing undue hazards to 'institutional safety or correctional goals,' the explanation should meet the due process requirements." 471 U.S. at 497.

In his concurring opinion in *Ponte*, Justice Stevens (joined in part by Justice Blackmun) made it clear that "even if the reason for the refusal is not recorded contemporaneously, it must exist at the time the decision is made" (rather than be merely an attempt to contrive some post-hoc rationale to justify what was an arbitrary decision). 471 U.S. at 503-04. The burden of proof is on prison officials to show their decision was not arbitrary, rather than on the inmate to show it was. 471 U.S. at 504. Prison officials may not arbitrarily deny an inmate's request to present a witness. *Malek v. Camp*, 822 F.2d 812, 815 (8th Cir. 1987).

No rationale was ever provided by prison officials for their decision to deny Shepherd his requested witness. Although counsel for respondents has advanced some possible reasons for the prison officials' decision, such post-hoc hypothesizing does not allow this court to determine whether the prison officials' decision was actually based on these reasons or was purely arbitrary. Even if the decision was based on factors permitted under K.A.R. 44-13-405a(a) and (e), these factors may not meet constitutional due

process requirements in this case. Petitioner states a substantial due process claim in his first issue which may not be dismissed without a hearing.

## 2. Insufficiency of the Evidence

In *Superintendent v. Hill*, 472 U.S. 445, 86 L. Ed. 2d 356, 105 S. Ct. 2768 (1985), the Supreme Court held that the findings of a disciplinary board violate due process unless supported by "some evidence" in the record. 472 U.S. at 454. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." 472 U.S. at 455; see also *Williams v. Maschner*, 10 Kan. App. 2d 79, 81, 691 P.2d 1329 (1984) (findings must be supported by substantial competent evidence).

The disciplinary report and testimony of Sergeant Eugler provide the only evidence on the conspiracy charge against Shepherd: "[W]hile shaking down cube 276, I found a key which is assigned to cube 268. Cube 268 belongs to inmate Jones 47998. Officers Corbus, Peters, and Bunker then shook down cube 268 where they found approximately 5 Gal's of Hootch and sugar thus resulting in the 44-12-1101 against I.M. Shepherd."

K.A.R. 44-12-1101(b) defines conspiracy as "an agreement with another person to commit an offense or to assist in committing an offense. No inmate may be convicted of a conspiracy unless an overt act furthering that conspiracy is alleged and proved to have been committed by the inmate, or by a co-conspirator." Shepherd was charged with having conspired with Jones to violate K.A.R. 44-12-901, which makes it a violation to "possess, hold, sell, transfer, receive, control, distribute, or solicit any dangerous contraband." The homemade alcohol is dangerous contraband under K.A.R. 44-12-901(a)(4), which incorporates K.S.A. 21-3826, defining "alcoholic liquor" or "intoxicating beverage" as contraband.

The record appears to contain no evidence of an agreement between Shepherd and Jones to commit the violation charged. " '[A] conspiracy to commit a crime is not established by mere association or knowledge of acts of the other parties. There must be some intentional participation in the conspiracy with a view to the furtherance of the common design and purpose.' " *State*

*v. Rider, Edens & Lemons,* 229 Kan. 394, 405, 625 P.2d 425 (1981). Petitioner's contention regarding insufficiency of evidence states a claim that may not be dismissed without a hearing.

### 3. Sufficiency of the Statement of the Evidence Relied Upon and of the Reasoning of the Board

K.A.R. 44-13-503(a) requires that a summary written record of the disciplinary hearing be made which "shall state specifically what evidence was relied upon. . . . The record shall also include a summary statement of the reasons for the disciplinary action and, for this purpose, the disciplinary report may be incorporated by reference . . . so long as the disciplinary report . . . adequately shows the reason for the disciplinary action." In this case, the disciplinary board sets forth its reasons in one sentence: "Guilty due to testimony was clear and convincing."

In *Wolff,* the court held one due process requirement of disciplinary proceedings to be "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." 418 U.S. at 563. "Written records of proceedings will . . . protect the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding" and insure that administrators, faced by possible court scrutiny, will act fairly. 418 U.S. at 565.

Although the United States Supreme Court has offered little guidance, other courts have held that, while the statement of reasons may be brief and need not reach the complexity or length of judicial findings of fact and conclusions of law or analyze every argument raised, it must at least be sufficient to show on review that the decision was not arbitrarily reached and to protect against collateral consequences. *Pino v. Dalsheim,* 605 F. Supp. 1305, 1316 (S.D.N.Y. 1984); *Ivey v. Wilson,* 577 F. Supp. 169, 172-73, (W.D. Ky. 1983). See also *Culbert v. Young,* 834 F.2d 624, 631 (7th Cir. 1987) (statements that will satisfy due process will vary from case to case depending on severity of the charges and complexity of the facts and proof necessary); *Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir. 1987) (where the charge is complex [using a charge of conspiracy as an example] a mere conclusion that the prisoner is guilty in a complex case will not satisfy the

due process requirement); *Robinson v. Young*, 674 F. Supp. 1356, 1368 (W.D. Wis. 1987) (an adequate statement of reasons "must '[point] out the essential facts upon which inferences were based' [citation omitted], 'mention what evidence the reporting officer relied on' and give a 'clear indication of why the reporting officer was to be believed rather than the [inmate or other witnesses]' "); *Craig v. Franke*, 478 F. Supp. 19, 21 (E.D. Wis. 1979) (plaintiff inmate is entitled to a more satisfactory statement of reasons than "Guilty. 3-Days Adjustment Seg.")

Petitioner's third issue presents a substantial due process claim which may not be dismissed without a hearing.

### On Remand

Petitioner seeks a transfer back from a maximum to a medium security facility. The United States Supreme Court has held the due process clause does not, in and of itself, mandate a hearing for intrastate (or interstate) transfers of state prisoners, for either administrative or disciplinary reasons. *Olim v. Wakinekona*, 461 U.S. 238, 244-45, 75 L. Ed. 2d 813, 103 S. Ct. 1741 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 49 L. Ed. 2d 451, 96 S. Ct. 2532 (1976). There is no liberty interest involved then, absent some state law conditioning transfer on proof of serious misconduct. *Meachum*, 427 U.S. at 216. Shepherd has pointed to no statute which would create such an interest, and we are unable to discover any basis for a state-created liberty interest regarding disciplinary transfer. *Cf. Jones v. Marquez*, 526 F. Supp. at 875 (Kansas administrative segregation regulations create liberty interest for due process purposes). Transfer is not one of the penalties authorized for rules violations under the Kansas regulations. The regulations do not impose certain requirements before transfer may take place. Shepherd's claim is based on due process rights and no due process liberty interest has been implicated so the requested remedy of re-transfer is not available.

The above conclusion does not mean the petitioner is without remedy. Although Shepherd has served his disciplinary sentence, a potential for harm still remains because the disciplinary record may be relied upon in making future decisions concerning his privileges. The equitable remedy of expunction is available where an inmate has been denied procedural due process during insti-

tutional disciplinary hearings. *Dedrick v. Wallman*, 617 F. Supp. 178, 184 (S.D. Iowa 1985).

Based on the record before us, we find the district court erred in its decision to dismiss the petition for failure to state a claim.

Reversed and remanded.