NOT DESIGNATED FOR PUBLICATION

No. 113,749

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYRON JAMES,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed February 5, 2016. Affirmed.

*Tyron James*, appellant pro se.

*Michael J. Smith*, of Kansas Department of Corrections, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*: Tyron James, an inmate at the El Dorado Correctional Facility, appeals the Butler County District Court's dismissal of his habeas corpus petition challenging a disciplinary finding he violated prison rules by having sexually explicit materials in his cell. We find no basis for disturbing the outcome of the disciplinary hearing and affirm.

In October 2014, Andrew Phelps, a correctional officer at the El Dorado prison, found what were described as several hundred "sexually explicit images" during a search of James' cell. Prison regulations prohibit possession of such materials. K.A.R. 44-12-

1

313. Possession of such contraband is considered a class II violation of the regulations. Phelps wrote up James for the violation. James requested an internal hearing.

At the hearing, the presiding officer received as evidence a sworn copy of Phelps' report outlining the circumstances of the violation. James declined the opportunity to have Phelps appear at the hearing to be questioned about what happened. James denied having the contraband. The inmate housed in the cell across from James' testified he saw Phelps plant the materials.

The hearing officer discounted James and his witness as not being credible. The officer found James violated the prison rules based on Phelps' report. As punishment, the hearing officer restricted James' privileges for 30 days and imposed a $5 fine. James completed the steps for internal review of the discipline and then filed a petition for writ of habeas corpus with the district court, as provided in K.S.A. 2015 Supp. 60-1501. The district court summarily dismissed the petition, finding that James had suffered no constitutional deprivation and, alternatively, that the disciplinary action was sufficiently supported in the evidence. James has timely appealed the district court's ruling.

An appellate court reviews the summary dismissal of a 60-1501 petition without any deference to that decision. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). A district court may summarily dismiss a petition for a writ of habeas corpus if the allegations establish no basis for relief or if the uncontroverted facts in the record show "no cause for granting a writ exists." 289 Kan. at 648-49. The petition itself should be construed in a light favoring the inmate. *Shepherd v. Davies*, 14 Kan. App. 2d 333, 335, 789 P.2d 1190 (1990). The reviewing court generally must credit the factual assertions in the petition when examining a summary dismissal. See *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). Likewise, the courts "broadly construe" petitions from inmates representing themselves to determine if the papers state some basis for relief. *Laubach v. Roberts*, 32 Kan. App. 2d 863, 868, 90 P.3d 961 (2004).

Prisoners may be afforded relief under 60-1501 for constitutional violations materially affecting the terms and conditions of their confinement. Where, as here, the prisoner advances a procedural due process violation, he or she must show the loss of a protected property right or liberty interest without the opportunity to be fairly heard as to the circumstances of the deprivation and, thus, to prevent an erroneous loss. The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects against arbitrary or mistaken actions of a state impairing a citizen's property or liberty. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' [Citation omitted.]"); *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (The Due Process Clause "at a minimum" requires that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."); *State v. King*, 288 Kan. 333, 354, 204 P.3d 585 (2009). The fine imposed on James, though comparatively slight, impairs a property right, triggering constitutional due process protections. See *Sauls v. McKune*, 45 Kan. App. 2d 915, 920, 260 P.3d 95 (2011) (imposition of $20 fine on inmate for violation of prison rules amounted to deprivation of property sufficient to require due process protections). James has incorrectly characterized the fine as depriving him of liberty, but the error is one of labeling rather than substance.

Due process is an especially flexible concept that must be shaped to the nature of the interest affected and the circumstances of the potential loss. See *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19, 98 S. Ct. 1554, 56 L. Ed. 2d 30 (1978). Some situations demand a high degree of process or procedural protection, such as a criminal prosecution, while others do not. In a prison disciplinary proceeding, an inmate's constitutional right to procedural due process entails: (1) written notice of the charges sufficient to permit preparation of a defense; (2) an impartial hearing and hearing officer;

3

(3) an opportunity to call witnesses and to present evidence; and (4) a written statement of the factual findings and reasons for the disciplinary decision. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]).

As we have indicated, James argues the district court incorrectly concluded he failed to allege a constitutionally recognized deprivation of property or liberty. James is right, since the fine entails a loss of property. We, therefore, turn to the due process violations James has alleged in the court papers he has prepared without the help of a lawyer.

First, James argues there was insufficient evidence to support the charge against him, given his own denial of having the contraband material and the testimony of the prisoner in the nearby cell. The hearing officer was free to make credibility determinations in assessing the evidence. And the hearing officer disbelieved the accounts from James and his witness. We do not reweigh the evidence, and we do not, in particular, make independent credibility determinations. See *State v. Franco*, 49 Kan. App. 2d 924, 936-37, 319 P.3d 551 (2014), *rev. denied* 301 Kan. ___ (2015) (explaining why appellate courts do not second-guess factfinders' credibility assessment—in that case, jurors who saw and heard witnesses).

More broadly, to satisfy due process protections, there need only be "some evidence" in a prisoner disciplinary proceeding supporting the hearing officer's determination of a violation. *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Sammons v. Simmons*, 267 Kan. 155, 158-59, 976 P.2d 505 (1999) (recognizing *Hill* as supplying the governing standard and quoting at length from that decision). The inmate bears the burden of proving prison officials failed to satisfy that comparatively low evidentiary requirement. *Sammons*, 267 Kan. at 158. For that purpose, a reviewing court must accept the evidence presented in the disciplinary

4

process in a light most favorable to the penal institution and, therefore, must resolve every conflict in the evidence against the inmate. *Hill*, 472 U.S. at 455-56; *Sammons*, 267 Kan. at 158 (quoting *Hill*, 472 U.S. at 455-56).

In *Hill*, the Court fashioned those standards to balance inmates' due process rights under the Fourteenth Amendment against a penal institution's need to operate safely and efficiently, especially given the nature of its purpose and clientele. Acknowledging the standards to be relaxed, the Court held that requiring "a modicum" of evidence supporting the disciplinary action would sufficiently serve inmates' due process rights by "prevent[ing] arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." 472 U.S. at 455.

Phelps' report provided sufficient evidence to meet the due process standard set out in *Hill*. The prison rules permit the introduction of a sworn report without the authoring officer's presence at a disciplinary hearing for a class II violation. K.A.R. 44-13-404(c)(1). Even if we were to assume the rule to be constitutionally suspect in excusing the officer, James specifically waived the opportunity to have Phelps appear at the hearing for questioning. In short, James cannot predicate a due process violation on a lack of evidence.

James next says there were discrepancies in the identification numbers on the notice of violation and other paperwork leading up to the disciplinary hearing. This appears to be, at most, a technical problem. James, nonetheless, claims the mixed up numbers confused him and impeded his preparation for the hearing. But James has not explained specifically how he was prejudiced and, thus, deprived of a fair disciplinary hearing. The record suggests no particular prejudice, and we are not free to speculate about some hypothetical harm to James.

Finally, James submits the hearing officer spoke with Phelps outside his presence after receiving evidence and before issuing a final decision. We accept the allegation as true for purposes of reviewing the 60-1501 petition. Again, as provided in K.A.R. 44-13-404(c), the hearing officer "may contact the [reporting] officer, by telephone or radio, to ask questions or clarify the facts while the hearing is being conducted or while the matter is being considered for decision" when a class II violation has been alleged. So the hearing was conducted in conformity with the governing administrative rules. Assuming the particular rule to be constitutionally suspect, though it likely isn't, James has failed to allege any prejudice. First, the evidence in the record sufficiently supported the violation. Any additional communication between the hearing officer and Phelps doesn't detract from the record evidence. Second, as we have said, James waived his chance to have Phelps come to the hearing to answer questions related to the incident or the report, thereby augmenting the record as he might desire.

In summary, then, we find James has failed to allege a due process violation (or even a potential violation) that might require an evidentiary hearing in the district court to resolve. We, therefore, find no error in the district court's alternative ground for dismissing James' petition.

Affirmed.