NOT DESIGNATED FOR PUBLICATION

No. 114,157

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STACEY SPEED,
*Appellant*,

v.

SAM CLINE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed February 26, 2016. Affirmed.

*Nancy Ogle*, of Ogle Law Office, L.L.C., of Wichita, for appellant.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, of Hutchinson, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

*Per Curiam*: Stacey Speed, an inmate serving a life sentence in the Kansas correctional system, has appealed the Butler County District Court's summary dismissal of his habeas corpus petition challenging discipline imposed on him for violating prison rules. Speed contends the administrative disciplinary finding lacks evidentiary support. Especially given the relaxed standard requiring that a violation of prison rules be supported merely by "some evidence," we find no error and affirm.

In January 2014, Speed was incarcerated at the state prison in Hutchinson and participated in a work release program. Speed was driven from the prison to the

1

workforce center where he was to participate in a program to assist inmates in developing job skills. Other entities occupied space in the same building. About 25 minutes after Speed had been dropped at the center, a prison supervisor called the office to check on Speed's progress on his assigned tasks. A staff member at the center said Speed had not signed in that day. The supervisor then dispatched a prison guard to locate Speed. He could not find Speed. A little while later, the staff member reported that Speed had just come from the restroom in the building and signed in. For about 55 minutes, Speed essentially had been unaccounted for.

Inmates placed in the work release program sign an agreement outlining the conditions regulating their participation. One of the conditions requires the inmate to "remain within the designated area of my Work Release plan." The agreement is incorporated into and part of the prison's general order governing work release. Speed does not dispute he knew about the conditions for the work release program. Speed received a disciplinary write-up for violating the conditions of the work release program. See K.A.R. 44-12-1002 (inmate violation of published order of prison facility deemed class III offense).

Speed requested an administrative hearing on the charged violation. The hearing officer received information setting out what we have recounted. Speed testified at the hearing. He said that as he walked into the building housing the workforce center, a woman at the door had her arms full of things and dropped something. Speed asked if he could help her. According to Speed, the woman said she could use help moving materials she had in a classroom in the building. Speed said he helped the woman carry items from the classroom to her car in the parking lot. Speed told the hearing officer that as he was carrying the things, a laxative he had taken earlier in the day chose to work. So he excused himself and had to spend an extended time in the restroom cleaning up. The hearing officer found Speed guilty of violating the work release conditions and, in turn,

2

the prison's general order. The hearing officer imposed a penalty of 30 days in segregation, restriction of privileges for 60 days, and a $20 fine.

Sometime after the hearing, Speed was transferred from the state prison in Hutchinson to the one in El Dorado. We do not understand the transfer to be an issue in this case. Speed then duly filed a habeas corpus petition in the district court challenging the discipline, as provided in K.S.A. 2015 Supp. 60-1501. The district court remanded the matter for an additional administrative hearing. Following that hearing, the district court summarily dismissed the 60-1501 petition because the administrative determination was supported by sufficient evidence. Speed has appealed that ruling to us.

An appellate court reviews the summary dismissal of a 60-1501 petition without any deference to that decision. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). A district court may summarily dismiss a petition for a writ of habeas corpus if the allegations establish no basis for relief or if the uncontroverted facts in the record show "no cause for granting a writ exists." 289 Kan. at 648-49. The petition itself should be construed in a light favoring the inmate. *Shepherd v. Davies*, 14 Kan. App. 2d 333, 335, 789 P.2d 1190 (1990). Speed has challenged the sufficiency of the evidence supporting the charged violation.

To seek habeas corpus relief, an inmate must allege a constitutional deprivation. Speed has done so. The $20 fine imposed on Speed entails a loss of property triggering due process rights secured in the Fourteenth Amendment to the United States Constitution. See *Sauls v. McKune*, 45 Kan. App. 2d 915, 920, 260 P.3d 95 (2011) (imposition of $20 fine on inmate for violation of prison rules amounted to deprivation of property sufficient to require due process protections). Due process is an especially flexible concept that must be shaped to the nature of the interest affected and the circumstances of the potential loss. See *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19, 98 S. Ct. 1554, 56 L. Ed. 2d 30 (1978). Some situations demand a high degree

of process or procedural protection, such as a criminal prosecution, while others do not. In a prison disciplinary proceeding, an inmate's constitutional right to procedural due process entails: (1) written notice of the charges sufficient to permit preparation of a defense; (2) an impartial hearing and hearing officer; (3) an opportunity to call witnesses and to present evidence; and (4) a written statement of the factual findings and reasons for the disciplinary decision. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]).

To satisfy due process protections, there need only be "some evidence" in a prisoner disciplinary proceeding supporting the hearing officer's determination of a violation. *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Sammons v. Simmons*, 267 Kan. 155, 158-59, 976 P.2d 505 (1999) (recognizing *Hill* as supplying the governing standard and quoting at length from that decision). The inmate bears the burden of proving prison officials failed to satisfy that comparatively low evidentiary requirement. *Sammons*, 267 Kan. at 158. For that purpose, a reviewing court must accept the evidence presented in the disciplinary process in a light most favorable to the penal institution and, therefore, must resolve every conflict in the evidence against the inmate. *Hill*, 472 U.S. at 455-56; *Sammons*, 267 Kan. at 158 (quoting *Hill*, 472 U.S. at 455-56).

In *Hill*, the Court fashioned those standards to balance inmates' due process rights against a penal institution's need to operate safely and efficiently, especially given the nature of its purpose and clientele. Acknowledging the standards to be relaxed, the Court held that requiring "a modicum" of evidence supporting the disciplinary action would sufficiently serve inmates' due process rights by "prevent[ing] arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." 472 U.S. at 455.

4

Applying the "some evidence" standard to the record here, we find no basis to upset the hearing officer's conclusion and, in turn, the district court's ruling to dismiss Speed's 60-1501 petition. First, the conditions of the work release program form part of a general order applicable to Speed when he was incarcerated in the Hutchinson prison. Violation of those conditions would subject an inmate to discipline, as provided in K.A.R. 44-12-1002.

We have noted the particular condition at issue; it required Speed to be in the area or place designated in his work release plan. That was in the workforce center. By Speed's own account of what he was doing, he violated that condition. Rather than signing in and working on his prescribed tasks, Speed was carting materials from a classroom in another part of the building to a car in the parking lot to help someone having no association with the work release program. And he was doing so without authorization. Speed is not a Boy Scout pledged to do miscellaneous good deeds as those opportunities might present themselves. He is a convicted felon. See *State v. Speed*, 265 Kan. 26, 961 P.2d 13 (1998) (affirming Speed's conviction for a 1993 murder and other violent felonies). Speed's obligation was to be where he was supposed to be, when he was supposed to be. He wasn't. His failure to meet that obligation was a violation of prison rules.

Speed should have told the woman he couldn't help her because he had an appointment that required he be in the workforce center. We would like to think prison officials would exercise discretion if an inmate deviated from his or her obligations to attempt to render life-saving aid to a passerby in an emergency. But that case isn't this case or anything like it. There was "some evidence" supporting Speed's violation. The district court ruled correctly in dismissing the 60-1501 petition.

Affirmed.

5