NOT DESIGNATED FOR PUBLICATION

No. 114,375

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GAYLEN CLARK,
*Appellant*,

v.

RAY ROBERTS, SECRETARY OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY judge. Opinion filed April 8, 2016. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

*Per Curiam*: Gaylen Clark, an inmate at the Lansing Correctional Facility, filed a K.S.A. 2015 Supp. 60-1501 petition after being convicted of disciplinary violations. The district court denied Clark's petition and dismissed the case. Finding no reversible error, we affirm.

1

*Procedural Background*

In January 2014, Clark was charged with battery, possessing a telephone, and disobeying an order. The charges were the result of an altercation between Clark and a corrections officer. According to the officer, when he entered the unit he saw Clark rush toward the bathroom in apparent attempt to flush something down the toilet. The officer ordered Clark to step away from the toilet, but Clark did not comply. As the officer tried to reach the toilet, Clark pushed back against him, causing him to hit his head on a shelf. Officers recovered a cellphone and a charger from the toilet.

After a disciplinary hearing in which the corrections officer and Clark testified, Clark was found guilty on all three charges. He was sentenced to a total of 60 days of disciplinary segregation, 180 days of privileges restriction, and $50 in fines. Clark then filed a K.S.A. 2015 Supp. 60-1501 petition, claiming that his due process rights had been violated. Arguing that he had failed to exhaust administrative remedies, the prison filed a motion to dismiss Clark's petition. Both Clark and his appointed counsel responded to the prison's motion. After a hearing, the district court took the motion under advisement.

Before the district court ruled on the prison's motion to dismiss, the prison remanded Clark's case for a new disciplinary hearing in light of the claims Clark raised in his petition. The new hearing officer dismissed the charge of possession of a telephone because of a problem with the chain of custody and convicted Clark of the two remaining charges. The prison then filed an amended motion to dismiss in district court and informed the district court of the rehearing.

At his K.S.A. 2015 Supp. 60-1501 petition's evidentiary hearing, Clark argued that under K.A.R. 44-13-302(b) the rehearing constituted double jeopardy. Clark also argued that the battery charge was not supported by sufficient evidence. He further claimed that

2

the prison intentionally violated his due process rights. After initially taking the motion under advisement, the district court issued an order denying Clark's petition and dismissing the case. Clark now appeals, claiming he did not receive an impartial hearing and that insufficient evidence supports his battery conviction.

*Standard of Review*

We review a K.S.A. 60-1501 petition to determine whether substantial competent evidence supports the district court's factual findings and whether those findings sufficiently support its conclusions of law. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). Substantial evidence is "legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion." 278 Kan. at 320. We review a district court's conclusions of law de novo. 278 Kan. at 320. Our review of whether a petitioner's due process rights have been violated is also unlimited. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

We also note that although confinement to disciplinary segregation does not implicate due process rights, being ordered to pay a fine does. See *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997). Thus, Clark has a protected property interest. We must now consider whether Clark's due process rights were violated.

*"Some Evidence" Standard*

In a K.S.A. 60-1501 action, the petitioner bears the burden of proving that a constitutional right was violated. *Sammons v. Simmons*, 267 Kan. 155, 158, 976 P.2d 505 (1999). The United States Supreme Court articulated the standard for determining whether an inmate has met that burden of proof in *Superintendent v. Hill*, 472 U.S. 445, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). We adopted that standard in *Shepherd v.*

*Davies*, 14 Kan. App. 2d 333, 338, 789 P.2d 1190 (1990). Under this standard, "'[t]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board.'" *Anderson*, 23 Kan. App. 2d at 807 (quoting *Hill*, 472 U.S. at 455). The central consideration "'is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" 23 Kan. App. 2d at 808 (quoting *Hill*, 472 U.S. at 455-56).

*Impartial Hearing*

Clark first argues that his constitutional rights were violated because he did not receive an impartial hearing. He claims that before the first disciplinary hearing he tried to retrieve some of his property and was told he could not do so due to his recent disciplinary conviction. Clark believes that because the hearing had not yet been held and because he had not had a disciplinary violation in over a year, the hearing officer prejudged his case and relayed that information to other prison officials who erroneously alluded to his "recent disciplinary conviction." According to Clark, a hearing cannot be more impartial than when a hearing officer prejudges the case.

The record does not, however, contain any evidence that the hearing officer prejudged Clark's case. In fact, the record indicates that the prison officials who told Clark that he could not retrieve his property both later admitted that they had made a mistake and had advised Clark of the correction. Nothing in the record tends to show that the hearing officer was the source of that misinformation.

Further, this issue is moot because Clark was granted a rehearing with a different hearing officer. And because Clark has not alleged that the rehearing was impartial, any violation of due process based on impartiality has already been cured by a second hearing with a different hearing officer. The district court therefore correctly denied this claim.

*Sufficiency of the Evidence*

Clark next argues that his constitutional rights were violated because his battery conviction was not supported by sufficient evidence. He alleges that the corrections officer's testimony contradicted the disciplinary report. Specifically, in the report the officer alleged that Clark pushed back against him, causing him to hit his head on a shelf. But at the hearing, the officer testified that the shelf was above the toilet. Clark believes that it would have been impossible for the officer to have hit his head on a shelf above the toilet while being pushed away from the toilet.

Even assuming for purposes of argument the implausibility of that event, we find the record contains sufficient evidence to support Clark's conviction. Battery is defined as "the unlawful or unauthorized, intentional touching or application of force to the person of another, when done in a rude, insolent, or angry manner." K.A.R. 44-12-324. The corrections officer testified that Clark pushed him as he tried to approach the toilet, causing him to hit his head on a shelf. Clark also admitted that while the officer was behind him, he raised up. The exact location of the shelf, and how or whether the officer was able to hit his head on it, does not matter because the record contains some evidence showing that Clark had unauthorized, intentional, and rude contact with the officer. Thus, the district court properly determined that Clark's battery conviction was supported by sufficient evidence.

Clark briefly mentions that his possession of a telephone conviction was also not supported by sufficient evidence. But, as mentioned, that charge was dismissed at the rehearing. Further, because he does not mention his disobeying an order conviction in his brief, Clark has waived and abandoned any issue regarding that charge. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011) (stating that an issues not briefed is considered waived and abandoned).

5

Affirmed.