NOT DESIGNATED FOR PUBLICATION

No. 115,076

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN MANIS,
*Appellant*,

v.

RAY ROBERTS, JAMES HEIMGARTNER, and RANDOLPH JOHNSON,
*Appellees*.


MEMORANDUM OPINION


Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed August 19, 2016. Reversed and remanded with directions.


*Nancy Ogle*, of Ogle Law Office, L.L.C., of Wichita, for appellant.


*Michael J. Smith*, of Kansas Department of Corrections, for appellees.


Before POWELL, P.J., ARNOLD-BURGER, J., and WALKER, S.J.


*Per Curiam*:  Brian Manis appeals the district court's summary dismissal of his habeas corpus petition, filed pursuant to K.S.A. 2015 Supp. 60-1501. Manis claims that (1) the hearing officer refused to allow him to call witnesses to testify on his behalf at the disciplinary hearing and (2) his disciplinary conviction was not supported by the evidence. Because we find Manis' claims on the first point to be meritorious, the second point becomes moot and the case is reversed and remanded for further proceedings.

1

On April 11, 2015, Correctional Officer Booth-Collumns observed Manis use a pink piece of paper to cover his cell window at the El Dorado Correctional Facility. Booth-Collumns ordered Manis over the intercom system to take down the paper. Manis replied that he was using the paper for privacy while he used the restroom. Booth-Collumns ordered Manis to remove the paper two more times, after which he eventually removed the paper. Booth-Collumns charged Manis with violations of three Kansas Department of Corrections (KDOC) regulations: K.A.R. 44-12-504, interference with cell operation and visibility; K.A.R. 44-12-305, insubordination or disrespect to officers or other employees; and K.A.R. 44-12-304, disobeying orders. Manis was served with a copy of the disciplinary report.

Manis requested two witnesses for his disciplinary hearing: Correctional Officer Langenegger, whom Manis stated would testify that "[i]f window is not totally covered there is no visability [*sic*]"; and Correctional Officer Tidwell, whom Manis stated would testify that "I've never had an issue with inmate Manis or being able to see into his cell for having a piece of paper up." Manis also requested 10 more witness forms because he wanted to call 20 additional witnesses. Calling Langenegger was denied because Langenegger "can't auth[orize] any covering of window," and Tidwell was denied as irrelevant because Tidwell did not observe the incident. There is nothing in the record regarding whether the request for the additional witness forms was denied or whether the forms were provided.

At the April 14, 2015, hearing, Manis testified that he put the pink paper over his window for privacy while using the restroom. Manis also stated that he could not understand Booth-Collumns' order over the intercom, so he asked her to repeat herself, and that he removed the paper after she repeated the order. Booth-Collumns testified that Manis argued with her when she twice ordered him to take the paper down but that he did

eventually remove it from his window. At the conclusion of the hearing, Manis was found guilty of violating all three regulations. The hearing officer sentenced Manis to 28 days of disciplinary segregation and fined him a total of $25. Manis also lost his job as a result of these disciplinary hearings. The warden approved the hearing officer's decision on April 15, 2015.

Manis filed an appeal of the disciplinary order to the KDOC Secretary. He argued his due process rights were violated when he was denied the additional witness request forms to call witnesses on his behalf. Attached to the appeal was a witness request form for Correctional Officer Newfield that was signed April 15, the day after the hearing. On the form, Newfield apparently handwrote: "I received colored paper from U.T. to use as a cover, for privacy while using the rest room a year and a half ago for Inmates to have some privicy [*sic*] in their room." There is no further record of disposition of that witness request form. The Secretary found the disciplinary proceedings substantially complied with the applicable standards and procedures and the decision was based on some evidence. The Secretary approved the hearing officer's decision on May 5, 2015.

Manis filed a writ of habeas corpus on May 22, 2015, claiming that he was not provided a fair and impartial hearing and that the hearing officer improperly denied his request to present documentary evidence and witnesses on his behalf. Manis claimed there was not substantial compliance with the KDOC standards and procedures. The district court summarily dismissed Manis' petition, stating: "Some evidence supports conviction. Petitioner admitted to having window covered. Court won't retry factual issues." Manis timely filed a notice of appeal.

3

ANALYSIS

Manis alleges that (1) his due process rights were violated when his requests for witnesses were denied and (2) the district court erred in finding there was "some evidence."

A habeas corpus action under K.S.A. 2015 Supp. 60-1501 may be used to challenge the conditions of an inmate's confinement. To avoid summary dismissal, the petition must allege facts that demonstrate either shocking and intolerable conduct or continuing mistreatment that violates constitutional protections. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). K.S.A. 2015 Supp. 60-1503(a) authorizes the summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court." Appellate courts review summary dismissals de novo. 289 Kan. at 649.

An inmate has the burden of proof to make a successful claim of a constitutional violation. *Sammons v. Simmons*, 267 Kan. 155, 158, 976 P.2d 505 (1999). In reviewing the trial court's order dismissing a petition for failure to state a claim upon which relief can be granted, an appellate court is required to accept as true the facts as alleged by the plaintiff, along with any reasonable inferences that can be drawn from them. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

In his habeas corpus petition, Manis first alleges that his due process rights were violated because he was denied the right to call witnesses at the disciplinary hearing. Issues of due process present questions of law over which the appellate courts have unlimited review. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

When an appellate court considers an inmate's claim of due process violations, it applies a two-step analysis. "The first step is to determine whether the State has deprived

4

the inmate of life, liberty, or property." *Washington*, 37 Kan. App. 2d at 240. Then, "[i]f there has been a deprivation of life, liberty, or property due to State action, the second step is to determine the extent and nature of the process due." 37 Kan. App. 2d at 240.

In this case, Manis' penalty included a $25 fine, which implicates the Due Process Clause of the Fourteenth Amendment to the United States Constitution by depriving Manis of his property. See *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997).

Therefore, the next question is the nature and extent of the process due to Manis. While an inmate is not entitled to the "full panoply of rights" due a criminal defendant, the United States Supreme Court has held that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his [or her] defense when permitting him [or her] to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 556, 566, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Kansas courts have held that an inmate's limited rights in a disciplinary hearing include "'"an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence."'" *Washington*, 37 Kan. App. 2d at 241. "Kansas law recognizes the wide discretion vested in prison officials who are charged with the control and administration of the state's penal institutions." *Hogue*, 279 Kan. at 852.

Under the Kansas Administrative Regulations adopted by KDOC, an inmate is entitled to have witnesses called to testify on his or her behalf at disciplinary proceedings. K.A.R. 44-13-101(c)(5). To request a witness, an inmate must submit an authorized form that indicates the expected testimony from each requested witness. K.A.R. 44-13-306. The hearing officer may grant or deny an inmate's request to call a witness after

5

balancing the inmate's interests with 13 specified needs of the prison. See K.A.R. 44-13-307; K.A.R. 44-13-405a(a). It is within the hearing officer's "broad discretion" to permit or deny a witness request. K.A.R. 44-13-405a(b). But if a request is denied, the hearing officer must provide a written explanation on the record, either on the request form or in the disciplinary case record. K.A.R. 44-13-405a(e); see also *Ponte v. Real*, 471 U.S. 491, 497, 105 S. Ct. 2192, 85 L. Ed. 2d 553 (1985) (prison officials required to justify why witnesses are not allowed to testify, either by making explanation part of administrative record or by presenting testimony in court).

Manis argues that he was denied his due process right to call witnesses to testify at the disciplinary hearing. Specifically, he claims that (1) the hearing officer improperly denied his requests for Officers Langenegger and Tidwell to testify and (2) he requested but never received 10 additional witness forms, with which he intended to request 20 additional witnesses to appear on his behalf at the administrative hearing. We will address these arguments in turn.

First, it appears that the hearing officer's denial of Langenegger and Tidwell as witnesses was not a violation of Manis' due process rights. The hearing officer provided written reasons for the denial of those witnesses, as was required by K.A.R. 44-13-405a(e). The hearing officer denied Langenegger as a witness because he could not authorize any covering of the window and denied Tidwell's proposed testimony as irrelevant because he did not observe the incident. "[S]o long as the reasons are logically related to preventing undue hazards to 'institutional safety or correctional goals,' the explanation should meet the due process requirements." *Ponte*, 471 U.S. at 497. The denial of the witnesses was within the hearing officer's broad discretion, and therefore there was no violation of Manis' rights with regard to those witnesses.

However, we find that Manis' due process rights were violated with regard to his request for additional witness request forms. The right of an inmate to call witnesses is

6

paramount because most disciplinary proceedings turn on issues of fact. *Washington*, 37 Kan. App. at 245. Here, Manis could not have requested additional witnesses to appear on his behalf without access to the forms. This court has held that an inmate's due process rights are violated where "there is nothing in the record to show why the prison officials would not allow the inmate to call requested witnesses." 37 Kan. App. 2d at 245; see also *Shepherd v. Davies*, 14 Kan. App. 2d 333, 337, 789 P.2d 1190 (1990) (due process violated where "[n]o rationale was ever provided by prison officials for their decision to deny Shepherd his requested witness").

The record is devoid of any explanation for the failure to provide Manis with any additional witness request forms. "[P]rison officials have the burden of persuasion as to the institutional concerns justifying a refusal to allow an inmate to call witnesses at a disciplinary hearing." *Washington*, 37 Kan. Ap. 2d at 244. The silent record regarding Manis' request for additional witness forms does not satisfy the hearing officer's burden here. The hearing officer may not prevent an inmate from requesting witnesses.

While the request for additional forms did not include specific witness names or proposed testimony, evidence of one particular witness whom Manis claims he would have requested does appear in the record. The record includes a request for Officer Newfield dated April 15, 2015, the day after the hearing. The record is silent whether Manis requested Newfield as a witness prior to or during the hearing, but Manis argues in his petition that he requested Newfield as a witness at the hearing. This court must accept Manis' alleged facts and all inferences as true. See *Washington*, 37 Kan. App. 2d at 240. Newfield apparently would have testified that colored paper was received from a unit team member 1 1/2 years prior to the incident for inmates to use for privacy while using the restroom. We consider Newfield's potential testimony only as an example of evidence Manis was prevented from presenting on his behalf.

7

The KDOC claims in its brief that "Newfield's understanding of the current cell house rules would not have been relevant" because Newfield was not assigned to Manis' cell house at the time of the incident. But "such post-hoc hypothesizing does not allow this court to determine whether the prison officials' decision was actually based on these reasons or was purely arbitrary." *Shepherd*, 14 Kan. App. 2d at 337. The proper way to reject irrelevant testimony was for the hearing officer to allow Manis to request the witness prior to the hearing by providing the requisite forms and provide an explanation for disallowing the witness on the record. Failure to do so is a violation of Manis' due process rights.

Manis states a substantial due process claim, which may not be dismissed without a hearing. We find that the district court erred in its decision to dismiss the petition for failure to state a claim.

Manis' second contention argues there is no evidence that he violated the three regulations, K.A.R. 44-12-504, interference with cell operation and visibility; K.A.R. 44-12-305, insubordination or disrespect to officers or other employees; and K.A.R. 44-12-304, disobeying orders. The district court determined that there was some evidence because Manis admitted to covering the window with paper. Since we find that the Manis was denied due process by the manner in which his witness requests were handled, it is unnecessary for us to consider this issue.

Reversed and remanded for proceedings consistent with this decision.