NOT DESIGNATED FOR PUBLICATION

No. 127,987

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHELBERT L. SMITH,
*Appellant*,

v.

DAN SCHNURR, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed July 25, 2025. Reversed and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, of Hutchinson, for appellee.

Before HILL, P.J., ISHERWOOD and PICKERING, JJ.

PER CURIAM: Kansas prisoners have few civil rights because of security measures that must be taken in prison. But they do have a minimal right to due process of law and one of those rights is the ability—within certain security limits—to call witnesses at a prison disciplinary hearing.

*A reversal, a remand, and now a return of the same case*

In this appeal, Shelbert Smith appeals the district court's dismissal of his habeas corpus petition for the second time. Smith is serving his sentence in the Hutchinson

1

Correctional Facility. A prison hearing officer found Smith guilty of possessing contraband—a phone charger—and fined him $5. The phone charger was found in a desk drawer that contained Smith's belongings. The desk is in a living area that Smith shares with 256 other inmates.

*This case begins with Smith's petition.*

Smith sought court review of his prison discipline by filing a petition under K.S.A. 60-1501 alleging he was denied due process because the disciplinary hearing officer denied his request to call a witness—Carl Pierce, another inmate who claimed responsibility for the phone charger. The week before the search, Smith had a verbal altercation with Pierce over whether a window should be open or closed. After the search, Pierce admitted he put the charger in the desk with Smith's belongings before the inspection to get rid of Smith. Pierce reported what he had done to prison staff and made a written statement.

Smith submitted a request to call Pierce as a witness at his disciplinary hearing, which was initially approved. But the hearing officer ultimately did not allow Pierce to testify. Instead, the hearing officer reviewed Pierce's written statement and the surveillance video from the morning of the search. The video showed that both Smith and Pierce were in their beds until the search began. When officers entered the dorm, Smith went to the drawer where the charger was found, put something in it, and took something out.

At the disciplinary hearing, Smith again asked to call Pierce to testify to clarify when Pierce put the charger in the drawer. After all, their argument had been a week before the search. The hearing officer denied the request. The district court dismissed Smith's habeas corpus petition finding Smith was not denied due process.

2

*Appellate review followed the court's dismissal.*

A panel of this court remanded this case to the district court with directions to determine why a hearing officer had denied Smith the right to call a witness without any explanation and thus denied him his right to due process. See *Smith v. Schnurr,* No. 124,435, 2022 WL 3693613, at *3-4 (Kan. App. 2022) (unpublished opinion) (*Smith I*).

*The district court made further inquiry on remand.*

On remand, the district court appointed counsel for Smith and held an evidentiary hearing regarding why Smith's witness was not allowed. The disciplinary hearing officer, Andrew Brown, testified at the hearing.

Brown testified that he received Pierce's statement but did not recall whether Smith requested Pierce as a witness because the incident had occurred four years earlier. Brown testified he "did not see the need to have Mr. Pierce up there if . . . he wrote that statement and signed it." Brown remembered talking to Pierce and testified he did not give Pierce's statement any less weight because it was not notarized. On cross-examination, Brown testified Pierce was not called as a witness because he believed he had Pierce's testimony in the written statement.

Brown testified "it is not unusual" to have an inmate take responsibility for another inmate's contraband. Brown testified he did not believe Pierce.

The district court found "the hearing officer gave due consideration to the written statement of the proposed witness and found the statement to not be credible. The hearing officer also explained why he didn't call the witness to testify." The court found: "The conduct of the disciplinary hearing regarding the witness statement and failure to call the witness to testify were appropriate."

3

*The case returns to our court from remand.*

On appeal, Smith raises only one issue: The district court erred when it denied his K.S.A. 60-1501 petition because Brown failed to properly balance Smith's interest in having his witness testify against the facility's security needs.

*What is the controlling law?*

In a prison disciplinary proceeding, the prisoner is not afforded all the rights due to a defendant in a criminal proceeding. But the prisoner is entitled to a minimum level of due process, which includes the opportunity to call witnesses and present documentary evidence when doing so will not interfere with institutional safety or correctional goals. *Hogue v. Bruce*, 279 Kan. 848, 851-54, 113 P.3d 234 (2005) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]).

The *Wolff* Court emphasized that prison officials should be given discretion in structuring disciplinary proceedings to balance institutional needs with the prisoner's right to a fair hearing. See 418 U.S. at 562-63, 566. The Court stated:

> "[T]he unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution. We should not be too ready to exercise oversight and put aside the judgment of prison administrators. It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine

authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. . . . The operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff*, 418 U.S. at 566.

With authority comes accountability. If prison officials deny a prisoner's request to call a witness, the officials bear the burden of persuasion to justify the denial by "stating reasons which are logically related to preventing undue hazards to institutional safety or correctional goals." *Hogue*, 279 Kan. at 854. The officials' justification cannot be arbitrary. There must be a factual basis supporting the sufficiency of the concern. 279 Kan. at 854.

*Certain Kansas regulations come into play here.*

Kansas Administrative Regulations govern disciplinary hearings in prisons. At a disciplinary hearing, an inmate is entitled to "have witnesses called to testify on the inmate's behalf." K.A.R. 44-13-101(c)(5). When another inmate testifies as a witness, the hearing officer "shall closely question the testifying inmate to determine the veracity and weight of the testimony offered. The hearing officer shall complete a credibility assessment form." K.A.R. 44-13-403(m)(2).

"Testimony and evidence shall not be received by the hearing officer or introduced outside the presence of the accused inmate, except that the accused inmate shall not be present when the hearing officer reviews any facility security videotape evidence." K.A.R. 44-13-403(l)(1).

The regulations set out four reasons when a hearing officer may deny the inmate's request to call a witness—if the testimony:

"(1) Relates to something already disposed of;
"(2) is clearly irrelevant or immaterial;
"(3) is repetitious of other testimony; or
"(4) is properly excluded for reasons specified in K.A.R. 44-13-405a." K.A.R. 44-13-403(n).

Important in this case is K.A.R. 44-13-403(n), which states, "The truth of the testimony shall be presumed in making this decision." We believe that regulation has been ignored here.

K.A.R. 44-13-405a(a) requires the hearing officer to balance the accused inmate's interest in avoiding a penalty against thirteen specified needs of the prison in determining whether to allow the accused inmate to call another inmate as a witness. Schnurr invokes only one of the thirteen needs as applicable to this case: "the need to avoid irrelevant, immaterial, or unnecessary testimony and evidence." K.A.R. 44-13-405a(a)(7). The hearing officer has "broad discretion" in making this decision. The hearing officer's goal is to discover the truth. K.A.R. 44-13-405a(b).

When a witness request is denied, the hearing officer shall make a written explanation on the record unless such an explanation would endanger a person. K.A.R. 44-13-405a(e).

An unsworn statement from a witness is not evidence in a disciplinary hearing. See K.A.R. 44-13-405a(d); *Rincon v. Schnurr*, No. 114,670, 2016 WL 3031284, at *4-5 (Kan. App. 2016) (unpublished opinion).

Finally, we note that just because a hearing officer did not follow procedural regulations it does not automatically establish a due process violation. *Washington v. Roberts*, 37 Kan. App. 2d 237, 242, 152 P.3d 660 (2007). The hearing officer's compliance with administrative regulations also does not ensure due process was afforded. See *Shepherd v. Davies*, 14 Kan. App. 2d 333, 337-38, 789 P.2d 1190 (1990).

*The hearing officer failed to meet his burden of persuasion.*

On remand, at the K.S.A. 60-1501 evidentiary hearing, the hearing officer testified that he "did not see the need" to have Pierce testify at the disciplinary hearing because Pierce wrote a statement and signed it. He said, "I just considered his written statement to be a statement." The hearing officer testified he talked to Pierce and considered Pierce's written statement. But the hearing officer did not believe Pierce because the video from the morning of the search showed that Smith accessed the drawer where the charger was found and "Pierce was asleep the entire time."

The hearing officer did not comply with many of the administrative regulations. The hearing officer questioned Pierce outside the presence of Smith. The hearing officer considered an unsworn witness statement as evidence. The hearing officer did not presume the truth of Pierce's testimony in making the decision that Pierce could not testify at the hearing.

In our view, the hearing officer did not satisfy his burden to justify the denial of the witness testimony and thus denied Smith due process. We note how the hearing officer failed to comply with the regulations. The hearing officer's reasons for not allowing Pierce to testify were not logically related to preventing undue hazards to institutional safety or correctional goals. The hearing officer improperly deemed Pierce's testimony unnecessary merely because Pierce had made an unsworn written statement.

7

And the hearing officer did not presume the truth of the testimony when making the decision whether Pierce could testify.

The hearing officer bore the burden of persuasion to justify denying the witness request by "stating reasons which are logically related to preventing undue hazards to institutional safety or correctional goals." *Hogue*, 279 Kan. at 854. The hearing officer cannot arbitrarily deny an inmate's witness request. *Shepherd*, 14 Kan. App. 2d at 337. No one asserts that Pierce's testimony would have presented a hazard to institutional safety.

*The district court ignored the findings of our prior panel and thus committed legal error.*

The hearing officer's justification for not allowing Pierce to testify was not logically related to correctional goals. The *Smith I* panel already decided Pierce's testimony would have been relevant, material, necessary, and not repetitious of other testimony. The panel stated:

> "[Pierce's] written statement did not mention precisely when Pierce claimed to put the charger in Smith's drawer. The timing is a vital fact which could have been drawn out on direct or cross-examination. . . . Schnurr complains that the timing of the allegation was not fixed. But cross-examination of Pierce could have pinned down a more definitive timeframe. Thus, Smith's witness would have benefited both sides: Smith would receive his due process rights, and the disciplinary authority could draw out a definitive timeframe, pinning down a specific portion of video for the hearing officer to review. Instead, the hearing officer did not allow Pierce to testify and then reviewed video footage from immediately before the inspection." *Smith I*, 2022 WL 3693613, at *4.

That decision is the settled law of the case on all questions resolved in the first appeal. See *State v. Kleypas*, 305 Kan. 224, 244, 382 P.3d 373 (2016).

Pierce's testimony was relevant to Smith's defense that Pierce put the charger in the drawer without Smith's knowledge. Pierce was the only person with firsthand knowledge of doing so. Pierce's testimony could not have been "repetitious of other testimony" under K.A.R. 44-13-403(n)(3) because there was no such "testimony." Pierce's testimony was necessary for the reasons the panel gave in *Smith I* and because an unsworn written statement is not evidence in a disciplinary hearing. See K.A.R. 44-13-405a(d); *Rincon*, 2016 WL 3031284, at *4-5.

The hearing officer's missteps denied Smith due process. An inmate's right to call witnesses must mean something more than admitting a short written statement from the witness. The hearing officer's acceptance of Pierce's written statement in lieu of testimony did not allow Smith to draw out details from Pierce necessary to his defense. Hearing officers must justify their refusal to allow witness testimony on something more than the fact the witness has written a short, unsworn statement. See *Johnson v. Roberts*, No. 114,162, 2016 WL 2810212, at *6 (Kan. App. 2016) (unpublished opinion) (holding the fact that a written statement already had been provided was not a reason to deny a witness request). The hearing officer determined Pierce was not credible in making his decision to not allow Pierce to testify. Prejudging a witness' credibility before the witness has testified is the opposite of a fair and impartial hearing.

The disciplinary sanction entered against Smith must be set aside. See *Sauls v. McKune*, 45 Kan. App. 2d 915, 921, 260 P.3d 95 (2011).

We reverse the district court's judgment and remand with directions to enter judgment for Smith, setting aside his disciplinary judgment and ordering the refund of his $5 fine.

Reversed and remanded with directions.